IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Larry A. Love, #26061, ) | |
| ) | Civil Action No. 6:04-23066-SB-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| State of South Carolina; and Henry ) | |
| Dargan McMaster, Attorney General ) | |
| for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **FACTS PRESENTED**

The record reveals that the petitioner is currently confined at Lee Correctional Institution of the South Carolina Department of Corrections pursuant to an order of the Clerk of Court for Chesterfield County. The petitioner was indicted at the January 1999 term of the Chesterfield County Court of General Sessions for murder and possession of a firearm during the commission of a crime (99-GS-13-0012 and 99-GS-13-0626). The petitioner was represented at the trial level by Burnie W. Ballard. On October 18-21, 1999, the petitioner appeared before the Honorable Edward B. Cottingham and a jury where he

was convicted on both charges. He was sentenced to 30 years confinement for murder and five years, concurrent, on the firearms charge.

The petitioner appealed, and the South Carolina Court of Appeals affirmed the judgment on September 27, 2001. The petitioner did not seek discretionary review by the South Carolina Supreme Court.

On March 11, 2002, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

>  (a)  Ineffective assistance of trial counsel;
>
>  (b)  Ineffective assistance of appellate counsel;
>
>  (c)  Subject-matter jurisdiction and trial court interference with defense counsel's ability in defense.

(Ex. 1 at 618). Represented by Miller S. Ingram, Jr., the petitioner's PCR case was heard by the Honorable James E. Lockemy on February 10, 2003. At the hearing, the petitioner's attorney conceded that he could not argue against the State's motion to dismiss the subject matter jurisdiction claim (ex. 1 at 654). Judge Lockemy issued a written order on March 12, 2003, dismissing the application (ex. 5).

The petitioner filed a notice of appeal. On November 19, 2003, Wanda H. Haile of the South Carolina Office of Appellate Defense, filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one issue presented in the *Johnson* petition:

> The PCR court erred in ruling that trial counsel was not ineffective in failing to secure petitioner's presence at the post trial motion hearing held in the case.

(Ex. 7 at 2). The South Carolina Supreme Court denied the petition and granted counsel's motion to be relieved in an order entered on September 22, 2004.

2

On November 17, 2004, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

> **Ground One**: Trial court erred. Failed to charge the jury of the law on accident.
>
> **Ground Two**: Ineffective assistance of counsel on appeal. Direct appeal counsel failed to raise the issue of jurisdiction when it was plain as to and in the body of the murder indictment 99-GS-13-12.
>
> **Ground Three**: Ineffective assistance of trial counsel. Failed to object to highly prejudicial testimony of stepdaughter concerning picking up the victim's teeth and etc. of same nature.
>
> **Ground Four:** Subject matter jurisdiction. Trial court lacked the jurisdiction to enter a conviction or impose a sentence upon a fatally flawed murder indictment.

(Pet. 5-6).

On January 20, 2005, the respondents filed a motion for summary judgment. By order of this court filed January 28, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On February 17, 2005, the plaintiff filed a response to the respondents' motion for summary judgment.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. § 2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## **ANALYSIS**

*Ground One*

As his first ground for relief, the petitioner claims that the trial court erred by failing to charge the jury on the law of accident. As an initial matter, the respondents argue that because the petitioner failed to seek discretionary review of this claim by the South

4

Carolina Supreme Court, it is procedurally barred from federal habeas review in this action. However, even if this claim is not procedurally barred, the respondents argue that the petitioner's claim of error in charging the jury on the law of accident raises an issue of state law, not federal law. The respondents are correct.

Habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). On direct appeal, the South Carolina Court of Appeals held that the petitioner was not entitled to an accident charge under South Carolina law. Here, the petitioner's allegation cannot serve as the basis for federal habeas corpus relief. *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998); *see also Bryant v.* Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Accordingly, this claim is without merit.

### *Ground Two*

As his second ground for relief, the petitioner contends that his appellate counsel was ineffective because he failed to challenge the trial court's subject matter jurisdiction. Again, the respondents argue that this claim is procedurally barred because the petitioner did not raise the claim in his petition to the South Carolina Supreme Court from the denial of his PCR application.

In *Longworth v. Ozmint*, 377 F.3d 437 (4th Cir. 2003), the Fourth Circuit explained:

> A habeas petitioner in state custody generally must exhaust state court remedies, and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts – absent cause and prejudice or a fundamental miscarriage of justice. This

> exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" – which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State."

377 F.3d at 447-48 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999)) (citations omitted).

### *Ground Three*

As his third ground for relief, the petitioner claims that his trial counsel was ineffective for failing to object to the testimony of his stepdaughter regarding the fact that she picked up her mother's teeth after the petitioner killed her. Again, the respondents argue that this claim is procedurally barred because the petitioner did not seek review of this claim by the South Carolina Supreme Court. For the reasons discussed above, this court agrees that this claim is procedurally barred.

Even if this claim was not barred, however, it fails on its merits. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their

performance was within the broad range of professionally competent assistance. *See id*. at 689.

At the PCR hearing, his trial counsel testified that he did not object to the stepdaughter's testimony because it actually supported the theory of the case that he argued to the jury (ex. 1 at 673-74). The PCR court found that the petitioner's "[t]rial counsel had sound strategic reasons not to object to the testimony of the [petitioner's] stepdaughter" (ex. 5 at 5). The PCR court further found that the petitioner failed to show any performance by his trial counsel that fell below professional norms or any prejudice from the alleged deficiency (ex. 5 at 5). Because the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland*, and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit.

***Ground Four***

As his fourth ground for relief, the petitioner claims that the trial court lacked subject matter jurisdiction as the result of a flawed indictment. He does not specify, however, how the indictment was flawed. Again, the respondents argue that, because the petitioner failed to raise this claim in his petition to the South Carolina Supreme Court from the denial of his PCR application, it is procedurally barred from federal habeas review. Even if this claim is not procedurally barred, it raises an issue of state law because it questions the interpretation of state statutes and, therefore, is not cognizable in a federal habeas case. *Wright*, 151 F.3d at 157. The petitioner in *Wright* claimed that the trial court lacked jurisdiction of certain counts in his indictment. He had raised this claim on state habeas review and the Virginia Supreme Court had "concluded it had 'no merit.'" *Id.* at 158. Thus, the Fourth Circuit held that "even if we were to conclude after an independent review

that the state court's holding was incorrect, we are nevertheless bound by it as a final determination of state law by the highest court of the state." *Id.*

Here, the PCR court found that the indictments were sufficient to give subject matter jurisdiction. Because the petitioner "does not allege a violation of any constitutional law or statute, his claim must fail unless he can demonstrate that the state court's actions resulted in a 'complete miscarriage of justice.'" 151 F.3d at 158. The petitioner has presented no evidence to the court that would establish that a "complete miscarriage of justice" has occurred. Accordingly, this claim is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

June 27, 2005

Greenville, South Carolina