UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Larry A. Love, # 26061,           )
                                  )  Civil Action No. 6:04-23066-SB
                  Petitioner,     )
                                  )
        -vs-                      )           **O R D E R**
                                  )
State of South Carolina; and Henry )
Dargan McMaster, Attorney General )
of South Carolina,                )
                                  )
                  Respondents.    )
_____)

## INTRODUCTION

This matter is before the Court on the pro se Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. By local rule, the action was referred to United States Magistrate Judge William M. Catoe for preliminary consideration.

The Petitioner was convicted in October 1999 of murder and possession of a firearm during the commission of a crime. He was sentenced to 30 years' imprisonment on the murder charge, and to a concurrent five-year sentence on the firearms charge. On appeal, the Petitioner raised three arguments: (1) the trial court erred in failing to charge the jury on involuntary manslaughter; (2) the trial court erred in failing to charge the law of accident; and (3) the trail court erred in admitting certain photographs into evidence. The Court of Appeals of South Carolina affirmed the judgment on September 27, 2001, and the Petitioner did not seek discretionary review by the Supreme Court of South Carolina.

The Petitioner then filed an application post-conviction relief [PCR] on March 11, 2002, raising three issues: (1) ineffective assistance of trial counsel; (2)

ineffective assistance of appellate counsel; and (3) subject matter jurisdiction and trial court interference.[1] After briefing and an extensive hearing, this application was denied. The PCR court summarily dismissed the subject matter jurisdiction claim, after PCR counsel acknowledged that the indictment in the criminal action was sufficient. The PCR court also summarily dismissed the claim for trial court interference as issues more properly raised on direct appeal. Finally, the PCR court found that there was no ineffective assistance of counsel; the court found that counsel had "strategic reasons" for failing to object to certain testimony and for

---

[1] The more specific grounds for relief were as follows, taken verbatim from the application:

Issue A: Did the trial Court interfer with defense counsel's ability to represent his client; by denying counsel's requested charges of involuntary manslaughter and law of accident to the jury?

Issue B: Did the trial Court interfer with defense counsel's ability to represent his client; by allowing certain photographs into evidence?

Issue C: Did the trial Court interfer with defense counsel's ability to represent his client; by not excluding the Applicant's alleged statements?

Issue D: Did the trial Court interfer with defense counsel's ability to represent his client's defense; by not excluding the physical evidence taken from his residence without a valid search warrant?

Issue E: Did the trial Court interfer with defense counsel's ability to represent his client's defense; by not allowing counsel to argue voluntary intoxication as a defense?

Issue F: Was defense counsel ineffective in not objecting to highly prejudicial testimony at trial?

Issue G: Was defense counsel ineffective in not moving for a Mistrial or for another jury to be drawn due to certain inference?

Issue H: Was trial counsel ineffective in not having the Applicant present at the Post-Trial Hearing for a New Trial?

Issue I: Was Appellate counsel ineffective?

Issue J: Did the trial Court have subject matter jurisdiction to try the Applicant on the Indictments issued?



failing to present certain testimony, and that a juror issue which arose at trial could not have resulted in a mistrial.

When the PCR application was denied, his appointed counsel (Miller S. Ingram, Jr.) timely filed a notice of appeal. Thereafter, the State's Office of Appellate Defense was appointed to handle the petition for certiorari. Senior Assistant Public Defender Wanda H. Haile (who also represented the Petitioner on direct appeal) filed a brief and petition pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), indicating that she found no meritorious issue for appeal. She did, however, brief one argument for consideration by the court: whether the PCR court erred in finding that trial counsel was not ineffective for failing to secure the Petitioner's presence at the post-trial motions hearing. The petition for writ of certiorari was denied on September 22, 2004.

The Petitioner then filed this action on November 17, 2004, raising four grounds for relief: (1) that the trial court erred in failing to charge the law of accident; (2) ineffective assistance of appellate counsel for failing to raise the issue of jurisdiction; (3) ineffective assistance of trial counsel, for failing to object to certain testimony; and (4) the trial court lacked subject matter jurisdiction. A motion for summary judgment was filed by the Respondents in January 2005. After being given notice of the procedure for summary judgment, including the obligation to file a timely response, see Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner submitted an opposing memorandum.

On June 27, 2005, the Magistrate Judge filed a report analyzing the issues and recommending that the Respondents' motion be granted and the petition be



3

denied. The Petitioner timely objected. The matter is now ripe for decision.

## DISCUSSION

The Magistrate Judge's report and recommendation found that all four of the Petitioner's grounds for relief were procedurally barred, meaning that he had the opportunity to raise these issues but failed to do so. Specifically, the Magistrate Judge found that he could have raised these grounds in his petition for review to the Supreme Court of South Carolina, after his PCR application was denied.

As the Fourth Circuit held in Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004),

> "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" – which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." [O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)]. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) [citations omitted].

The penalty for failing to fully exhaust available state remedies is clear: "federal habeas review of federal claims defaulted by prisoners in state court 'pursuant to an independent and adequate state procedural rule ... is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'" Richmond v. Polk, 375 F.3d 309, 322 (4th Cir. 2004) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

In his objections, the Petitioner alleges one ground for general relief – counsel appointed to represent him on the PCR appeal was ineffective for failing to raise each of the four procedurally barred issues. Unfortunately for the Petitioner,

4

§ 2254 makes it very clear that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Thus, despite his assertions to the contrary, the Petitioner is left with having to demonstrate "cause" and "prejudice" in order to obtain relief in this Court.

In his report and recommendation, the Magistrate Judge also discussed the merits of three of the Petitioner's four claims. As to ground one (failure to charge the jury on the law of accident), the Magistrate Judge reasoned that federal review was prohibited because there was no allegation that any <u>federal</u> law or right was violated. The Petitioner does not object to this finding. As the Court of Appeals of South Carolina found that the Petitioner was not entitled to an accident instruction, the Court agrees that the Petitioner has not proven the violation of any federal law or right.

As to ground three (ineffective assistance – failing to object to certain testimony), the Magistrate Judge concluded that the PCR court's finding that there was no ineffective assistance of counsel was not an "unreasonable application" of federal law. Again, the Petitioner does not offer evidence or argument to rebut this conclusion. After a review of the record, the Court agrees that the Petitioner has not demonstrated that counsel's performance fell below "an objective standard of reasonableness," or that counsel's performance prejudiced him in any way. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).



5

With respect to ground four (subject matter jurisdiction),[2] the Magistrate Judge noted that this issue was also an exclusively state law matter, and that federal review was unavailable absent a showing of a "complete miscarriage of justice." The Petitioner does not specifically object to this finding, although he does crave reference to the PCR record "where he directly addressed what statutory and constitutional laws were violated." Again, the Court agrees with the Magistrate Judge that the question of subject matter jurisdiction is one for adjudication by the State, and may only be addressed on federal habeas review if it is shown to be "a violation of the defendant's most fundamental rights." Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). The Petitioner has made no such showing here, and thus this Court cannot address the matter further.

Based on the foregoing, it is

ORDERED that the Petitioner's objections to the Magistrate Judge's report and recommendation are overruled; that the report and recommendation is affirmed and adopted; that the Respondents' motion for summary judgment is granted; that the petition for writ of habeas corpus is denied; and that this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 17, 2005
Charleston, S.C.

---

[2] Ground two also centers around jurisdiction, in that the Petitioner claims that appellate counsel was ineffective for failing to raise the issue on direct appeal.